[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 13, 2000, the defendant in the above entitled criminal matters, Buddy C. Beavers, was released from custody after Capital Bonding Corporation (Capital), formerly A.G. Surety, L.L.C., posted bonds in the amounts of $250,000 and $100,000, through its agent, Todd Tofil, a licensed professional bondsman. On December 19, 2000., the defendant was scheduled to appear in the Superior Court, 20 Franklin Square, New Britain, on both cases, but failed to appear. The bonds were ordered forfeited by the court with a statutory stay of six months in accordance with General Statutes § 54-65a.
On July 18, 2001, Capital filed a petition seeking a release of both bonds and a discharge of its obligations as surety pursuant to § 38-23 of the rules of practice. The state's attorney objected to the motion for release from liability. In its petition, Capital claims that Tofil failed to notify it that he had written the bonds in question and that he had failed to turn over the premiums collected from the defendant. In addition, Capital alleges that a switch of insurance companies had taken place after the original paperwork was processed, that Tofil was writing bonds for Budget Bail Bonds while employed by Capital, and that Tofil acted outside the scope of his authority with Capital. Finally, Capital contends that these reasons are sufficient for the court to discharge its obligations under § 38-23.
Capital admits that Tofil was its agent and that he had the authority to write bonds for it. The state contends, and the court finds, that it CT Page 13938 was the duty of Capital to be aware of all bonds written by its agents. It is not the responsibility of the state to oversee personnel issues for a bail bond company. "A bail bond is a contract between the government and the defendant and his surety." (Internal quotation marks omitted.)State v. Garvin, 242 Conn. 296, 305, 699 A.2d 921 (1997). Therefore, a bail bond is governed by general principles of suretyship and contract law. See United States v. Toro, 981 F.2d 1045, 1047 (9th Cir. 1992);United States v. Martinez, 613 F.2d 473, 476 (3d Cir. 1980).
Section 54-65a (a) provides: "Whenever an arrested person is released upon the execution of a bond with surety in the amount of five hundred dollars or more and such bond is ordered forfeited because the principal failed to appear in court as conditioned in such bond, the court shall, at the time of ordering the bond forfeited: (1) Issue a rearrest warrant . . . to take the defendant into custody, (2) provide written notice tothe surely on the bond that the principal has failed to appear in court
and (3) order a stay of execution upon the forfeiture for six months." (Emphasis added.) In addition to a stay of execution, § 54-65a
provides a surety with three specific overviews of relief. If the accused returns to court voluntarily within five business days of the day of the forfeiture, the court may, in its discretion and after finding that the failure to appear was not wilful, vacate the forfeiture order and reinstate the bond. See General Statutes § 54-65a (a). If the accused is returned to custody pursuant to a rearrest warrant or capias within the six-month period, the bond is automatically terminated and the surety is released from its obligation. See General Statutes § 54-65a (a). Finally, if the accused is returned to court within one year of the date of forfeiture, the surety is entitled to a rebate fixed by the court. See General Statutes § 54-65a (b).
Practice Book § 38-23 provides that "[w]here bail has been posted by a bondsman or other surety, such bondsman or surety shall not be relieved of any obligation upon the bond except with the permission of the judicial authority and for good cause shown." (Emphasis added.) A finding of good cause is within the discretion of the trial court. SeeBB Bail Bonds Agency of Connecticut, Inc. v. Bailey, 256 Conn. 209,212, ___ A.2d ___ (2001). Capital asserts that neither it nor Tofil received notice of the bond forfeiture until it was contacted by the state's attorney's office on June 21, 2001, two days after the termination of the six-month statutory stay. The state presented no evidence that Capital was sent notice of the bond forfeiture on December 19, 2000. The court cannot surmise that notice was sent. Therefore, the court exercises its discretion under § 38-23 and finds that Capital has shown good cause sufficient to allow the court to grant Capital a one month extension to recover and produce the defendant without forfeiture of its bond.[1]
CT Page 13939
Angelo L. dos Santos Judge of the Superior Court